**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN WENTWORTH, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>CALIFORNIA CONNECTIONS ACADEMY,<br><br>        Defendant.<br><br>AND CONSOLIDATED CASES | Case Nos. 21-cv-01926-BAS-AGS<br>21-cv-01927-BAS-AGS<br>21-cv-01928-BAS-AGS<br>21-cv-01929-BAS-AGS<br>21-cv-01930-BAS-AGS<br>21-cv-01931-BAS-AGS<br>21-cv-01932-BAS-AGS<br><br>**ORDER DISCONTINUING IN FORMA PAUPERIS STATUS FOR APPEAL** |

The Court granted Ms. Dawn Wentworth permission to proceed with these consolidated cases in forma pauperis—without paying the filing fees. (ECF No. 5.) After the Court dismissed the Complaints with leave to amend, Ms. Wentworth filed a Notice of Appeal to the Ninth Circuit. (ECF No. 10.) The Ninth Circuit requested this Court address "whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (ECF No. 13.) For the following reasons, the Court discontinues the in forma pauperis status for appeal.

A party granted leave to proceed in forma pauperis in the district court may continue in that status on appeal unless the district court certifies the appeal is not taken in good faith. Fed. R. App. P. 24(a); *accord* 28 U.S.C. § 1915(a)(3). "Not taken in good faith" means "frivolous." *Ellis v. United States*, 356 U.S. 674, 674–75 (1958); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (noting revocation of in forma pauperis status is appropriate where the district court finds the appeal to be frivolous). An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). "If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole." *Hooker*, 302 F.3d at 1092.

At the outset, the Court is skeptical that Ms. Wentworth is appealing a final order. The Court's order screening the Complaints expressly dismissed them "without prejudice" and with leave to file "any amended complaint" by a deadline. (Screening Order 6:24–7:1, ECF No. 9 (emphasis omitted).) "A dismissal of a complaint without prejudice is not a final order." *Martinez v. Gomez*, 137 F.3d 1124, 1125 (9th Cir. 1998).

Further, the Court directed the Clerk of Court to close the case and enter judgment dismissing the action without prejudice if no amended pleading was filed. (Screening Order 7:15–16.) However, because Ms. Wentworth filed a notice of appeal challenging the Court's Screening Order before the deadline to amend lapsed, the Court and Clerk took no further action, and no judgment has been entered. *See Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003) ("As a general rule, '[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.'"). Hence, the Court is doubtful that jurisdiction exists for the appeal, but recognizes the Ninth Circuit may nonetheless treat the Screening Order as a final order. *Cf. Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (determining court intended its order to be final where clerk also terminated the case, which did not occur here).

Regardless, the Court is persuaded Ms. Wentworth's appeal is not taken in good faith. The Court's Screening Order broadly construed the Complaints to raise a claim under

Title VI of the Civil Rights Act and explained why Ms. Wentworth's minor child is the proper plaintiff for such a claim. (Screening Order 5:11–6:11.) Yet, the Court explained that Ms. Wentworth could not represent her minor child as a pro se litigant under Ninth Circuit precedent. (*Id.*) Her Notice of Appeal challenging this finding—along with the Court's other determinations in the Screening Order—has no arguable basis in fact or law. *See O'Loughlin*, 920 F.2d at 617. The Court thus finds the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Therefore, the Court **DISCONTINUES** the in forma pauperis status for appeal. The Court directs the Clerk to notify the Ninth Circuit Court of Appeals in Case No. 22-55568 of this certification pursuant to Federal Rule of Appellate Procedure 24(a)(4).

**IT IS SO ORDERED.**

DATED: July 27, 2022

Hon. Cynthia Bashant
United States District Judge